UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZURI S. YOUNG and GEORGE LOVIN JACKSON,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>RALPH M. DIAZ, et al.,<br><br>　　　　Defendants. | No. 2:19-cv-983-JAM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiffs – both state prisoners – have brought this section 1983 action without the assistance of counsel. They seek to proceed in forma pauperis, but only one – Plaintiff Jackson ("Jackson") – has filed an application to proceed in forma pauperis (and a copy of his trust fund account statement). ECF Nos. 2 & 4. Plaintiffs may only jointly proceed in forma pauperis if both submit a properly-supported application. Subsequently, however, Plaintiff Young ("Young") submitted a motion for class certification wherein he stated that, owing to previous Prison Litigation Reform Act "strikes" he has sustained, only Jackson is qualified to proceed in forma pauperis. ECF No. 5; *see also* ECF No. 10. As addressed below, Young may not avoid the three strikes provisions of the Prison Litigation Reform Act in that manner.

/////

/////

1

Further, for the reasons stated hereafter, Jackson's application to proceed in forma pauperis is granted but all of the claims in the complaint – save for Jackson's individual claims – must be dismissed without leave to amend. Jackson's individual claims must be dismissed with leave to amend. Further, the motion for class certification must be denied.

<u>Application to Proceed in Forma Pauperis</u>

Jackson's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted. By separate order, the court directs the agency having custody of Jackson to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

<u>Screening</u>

I. <u>Requirement and Standards</u>

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of

2

a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

II.    Analysis

    A.    Action Construed as Individual Suit Brought by Jackson

Jackson and Young assert that they intend this suit to proceed as a class action. ECF No. 1 at 1, 3. Pro se inmates may not, however, represent a class of their peers.[1] *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008) ("As the district court accurately pointed out, courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity."); *Claxton v. Ryan*, No. CV 11-934-PHX-GMS (ECV), 2011 U.S. Dist. LEXIS 69130, 2011 WL 2533554, at *1-2 (D. Ariz. June 27, 2011) (pro se plaintiffs "may not appear as an attorney for other persons in a class action"); *Reed v. Board of Prison Terms*, No. C 03-2917 MMC PR, 2003 WL 21982471, at *1 (N.D. Cal. Aug. 8, 2003) ("Pro se prisoner plaintiffs may not bring class actions because they are not adequate class representatives able to fairly represent and adequately protect the interests of the class."). Thus, it is recommended that all class claims be dismissed without prejudice. If the class subsequently obtains counsel to represent it, it may re-file its claims in a separate action.

/////

---

[1] The court also declines to appoint counsel to represent the putative class. *See Goolsby v. Cate*, No. 13-00119-GSA-PC, 2013 U.S. Dist. LEXIS 77020, at * 4 (E.D. Cal., May 31, 2013) ("Plaintiffs' desire to pursue class-action relief does not present an "exceptional circumstance;" if it did, every pro se prisoner seeking class-action relief would automatically be entitled to the appointment of counsel.").

Both Jackson and Young have also raised claims that pertain only to them.  Both plaintiffs allege that they were subject to disciplinary proceedings which did not afford them the due process rights to which they were entitled.  ECF No. 1 at 7-12.   Generally, "Rule 20(a) of the Federal Rules of Civil Procedure permits the joinder of plaintiffs in one action if: (1) the plaintiffs assert any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact.  If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance."  Given that plaintiffs are not entitled to proceed as a class, the court finds that their individual claims are insufficiently related to proceed in a single action.  Their claims implicate separate disciplinary proceedings and separate defendants.  Additionally, Young has indicated that he cannot pay the filing fee, and he will not be permitted to side-step that requirement by bootstrapping his claims onto Jackson's.  Accordingly, it is recommended that Young's claims be dismissed without prejudice.  He may, if he chooses and is able, bring his individual claims in a separate suit.  Jackson's individual claims – due to the fact that he has submitted a proper IFP application - are dismissed with leave to amend.[2]

                     B.      Leave to Amend

Jackson is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  Jackson may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

/////

---

[2] Jackson is cautioned that, if he elects to pursue his individual claims by way of amended complaint, the action is likely to be transferred to another district.  Jackson alleges that his due process rights were violated while he was incarcerated at California State Prison – Los Angeles. ECF No. 1 at 7.  That facility is outside this district.

4

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Jackson may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Jackson should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Jackson should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which he names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Based on the foregoing, it is ORDERED that:

1. Jackson's application to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Jackson shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Jackson's individual claims, as explained *supra*, are dismissed with leave to amend within 30 days of service of this order. Plaintiff may but is not obligated to amend his complaint.

4. However, failure to file an amended complaint that complies with this order will result in a recommendation that this action be dismissed for the reasons stated herein.

Further, it is RECOMMENDED that:

1. The motions for class certification (ECF Nos. 5 & 10) be DENIED;

2. All class action claims be DISMISSED without prejudice; and

3. Young's individual claims be DISMISSED without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 17, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE